UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAY 18 2005
[signature] CLERK

```
******************************************************************************
                              *
ROBERT RABY,                  *      CIV 04-4083
                              *
         Plaintiff,           *
                              *
  -vs-                        *      MEMORANDUM OPINION
                              *      AND ORDER ON MOTION TO
UNION COUNTY JAIL, ELK POINT  *      SUBSTITUTE AND DISMISS
COMMUNITY HEALTH CLINIC,      *
PETER MURRAY, DAN LIMOGES,    *
SOUTH DAKOTA STATE            *
PENITENTIARY, MIKE DURFEE     *
STATE PRISON, STATE DEPARTMENT*
OF HEALTH,                    *
                              *
         Defendants.          *
                              *
******************************************************************************
```

Plaintiff Robert Raby ("Raby"), a former inmate, filed a Verified Complaint pursuant to 42 U.S.C. §1983 alleging that the defendants violated his civil and constitutional rights by being deliberately indifferent to his serious medical needs while he was incarcerated. (Doc. 1.) The United States has moved to substitute the United States for Defendants Peter Murray and Elk Point Community Hospital pursuant to 42 U.S.C. § 233, and to dismiss the action against the United States based on Raby's failure to exhaust administrative remedies. (Doc. 21.) Plaintiff does not resist substitution but asks either to be able to proceed with the claims against the United States in this case, or to have the claims against the United States dismissed without prejudice so administrative remedies may be exhausted.

BACKGROUND

Seeking monetary damages, Raby has sued the Union County Jail, the Elk Point Community Health Clinic, a physician's assistant (Murray), a county sheriff (Limoges), the South Dakota State Penitentiary, the Mike Durfee State Prison and the State Department of Health. The primary focus

of Raby's complaints involves treatment for his gallbladder while he was incarcerated in the Union County Jail (January 2001 to March 26, 2002), the Penitentiary (March 26, 2002 to April 10, 2002), and the Mike Durfee State Prison (April 10, 2002 to October 16, 2003). Essentially, Raby asserts that the defendants were deliberately indifferent to his serious medical needs and violated the Eighth Amendment by withholding medical treatment for his gallbladder while he was at the Union County Jail and the Penitentiary, and for delaying treatment once he arrived at the Mike Durfee State Prison. Raby claims that he had to undergo a more intrusive form of gallbladder surgery in August 2002 because of the delay, and that his complaints of extreme abdominal pain after the surgery were not resolved. He was released from prison on October 16, 2003, but allegedly continues to suffer ill effects from the defendants' deliberate indifference.

## DISCUSSION

The only issues before the Court at this time are whether the United States should be substituted for defendants Elk Point Community Health Center and Murray and, if so, whether the claims against the United States should be dismissed for failure to exhaust administrative remedies. In support of its position, the United States relies on the Public Health Service Act. In 1992, Congress adopted the Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268 (1992), "to amend the Public Health Service Act to provide protections from legal liability for certain health care professionals providing services pursuant to such Act." *Id.* The statute, codified at 42 U.S.C. § 233, provides, part:

> The remedy against the United States provided by [the Federal Tort Claims Act]... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C.A. § 233(a). If a health care center applies and meets the qualifications under the Act, 42 U.S.C.A. § 233(h), the Secretary of Health and Human Services deems the center a Public Health

2

Service employee. 42 U.S.C.A. § 233(g)(1). The employees, officers and contractors of the qualified health center are also deemed employees of the Public Health Service. *Id.* The Second Circuit has held that this "makes the Federal Tort Claims Act the exclusive remedy for specified actions against members of the Public Health Service" and protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead." *Cuoco v. Moritsugu*, 222 F.3d 99, 107-108 (2d Cir. 2000) (doctor and prison medical director entitled to immunity under § 233(a) where plaintiff alleged she had a serious medical condition that defendants treated with deliberate indifference).

Here, the Assistant Surgeon General, Department of Health and Human Services, deemed the Union County Health Foundation a federal employee for purposes of the Public Health Service Act on October 1, 1993, and again on November 18, 1996. As part of their motion, the defendants have submitted a Declaration of Richard G. Bergeron, Acting Chief of the Claims and Employment Law Branch, General Law Division, Office of the General Counsel, Department of Health and Human Services, which states that the Union County Health Foundation has been deemed eligible for coverage under the Federal Tort Claims Act and that defendant Murray was an employee of Union County Health Foundation at all times relevant to the complaint in his case. (Doc. 22, attachment.) Thus, according to the United States, the Clinic and Murray are covered by the Federal Tort Claims Act ("FTCA") and Raby's cause of action lies against the United States which should be substituted as a defendant for the Clinic and Murray.

Raby indicates that he became aware of the status of the Clinic and Murray only after receipt of the United States' motion in this case. Counsel for Raby has conducted extensive research on this issue, and Raby does not contest substitution of the United States for the Clinic and Murray. After reviewing the relevant statutory and case law, it appears to the Court that Raby's exclusive remedy for the alleged injuries caused by defendants Murray and Elk Point Community Health Clinic is an action against the United States under the FTCA, and the United States shall be substituted as a party for those defendants. *See, e.g., Cuoco,* 222 F.3d at 107-109; *Brown v. McElroy,* 160 F.Supp.2d 699,

3

703 (S.D.N.Y. 2001)(FTCA was inmate's sole remedy for injuries allegedly received by prison doctors who were PHS officers acting within the scope of their employment); *Navarrete v. Vanyur*, 110 F.Supp.2d 605 (N.D. Ohio 2000)(same); *Lewis v. Sauvey*, 708 F.Supp. 167, 169 (E.D. Mich. 1989)(same); *Flickinger v. United States*, 523 F.Supp. 1372 (W.D.Pa. 1981)(FTCA action against United States was exclusive remedy for personal injury caused by allegedly negligent PHS nurse-practitioner who worked at private medical clinic).

The United States argues that Raby's claims against it must be dismissed for lack of subject matter jurisdiction because Raby failed to exhaust his administrative remedies under the FTCA. In response, Raby asks the Court to allow him to proceed with the FTCA claims in this action rather than to dismiss the claims, or to dismiss without prejudice to allow Raby to exhaust his administrative remedies. The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ...." 28 U.S.C. § 2675(a). "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (affirming dismissal of FTCA claim for lack of jurisdiction because the plaintiff failed to present a proper administrative claim). Thus, Raby's failure to file his administrative claim against Murray and the Clinic with the appropriate federal agency precludes this court from exercising jurisdiction over those claims. Accordingly, his claims against the United States must be dismissed. The claims will be dismissed without prejudice to Raby's right to file an action once he has exhausted the administrative remedies with the appropriate federal agency.[1] Accordingly,

---

[1] The Court notes that the timeliness of an administrative claim may be in question. *See, e.g., Motley v. United States*, 295 F.3d 820 (8th Cir. 2002)(refusing to allow equitable tolling of the two-year statute of limitations for filing administrative claim even though plaintiff did not know that the otherwise private medical center had been deemed a federal employee for FTCA purposes).

4

IT IS ORDERED:

(1) That the motion to substitute the United States as a defendant for the Elk Point Community Health Clinic and Peter Murray, doc 21, is granted; and

(2) That the motion of defendant, the United States, to dismiss the action against it, doc. 21, is granted without prejudice to the plaintiff's right to file an action against the United States once he has exhausted the administrative remedies with the appropriate federal agency.

(3) That from the date of the entry of this order, the caption in this case shall be as follows:

ROBERT RABY,
              Plaintiff,

-vs-

UNION COUNTY JAIL, DAN LIMOGES, SOUTH DAKOTA STATE PENITENTIARY, MIKE DURFEE STATE PRISON, STATE DEPARTMENT OF HEALTH,
              Defendants.

Dated this 18th day of May, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Shully Margulies_
    (SEAL)    DEPUTY

5